MARC A. PILOTIN
Regional Solicitor
KATHERINE E. CAMERON
Associate Regional Solicitor
JENNIFER L. STA.ANA
Trial Attorney (Cal. Bar No. 307977)
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-7767
Fax: (415) 625-7772
Email: staana.jennifer.l@dol.gov

*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>FAST TRIP SACRAMENTO, INC. dba FAST TRIP FOOD STORE, a California corporation; and AMRIK SINGH, an individual,<br><br>Defendants. | Case No. 2:24-cv-00761-DJC-DB<br><br>**CONSENT JUDGMENT AND ORDER** |

Plaintiff Julie A. Su, Acting United States Secretary of Labor ("Acting Secretary") and Defendants Fast Trip Sacramento, Inc. dba Fast Trip Food Store, a California corporation, and Amrik Singh, an individual (collectively, the "Parties"), have agreed to resolve this matter in controversy in this civil action and stipulate to the entry of this Consent Judgment on the terms and conditions set forth below.

**STATEMENTS AND AGREEMENTS BY THE PARTIES**

A. The Secretary filed a Complaint alleging that Defendants violated Sections 6, 7, 11(a), 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 211(a), 211(c), 215(a)(2), 215(a)(3), and 215(a)(5).

B. Defendants acknowledge receipt of a copy of the Secretary's Complaint in this action.

C. Defendants waive issuance and service of process of the Summons and Complaint, and waive their response to the Secretary's Complaint.

D. The Parties stipulate that the Court has jurisdiction over the Parties and subject matter of this civil action and that venue lies in the Eastern District of California.

E. The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

F. The Secretary conducted an investigation of Defendants pursuant to the FLSA covering the period of June 16, 2020 to June 15, 2023 ("Subject Period"). The Parties have agreed to settle and resolve all FLSA violations attributable to Defendants through this Consent Judgment.

G. Defendants acknowledge that they and any individual or entity acting on their behalf or at their direction or in conjunction with Defendants have notice of, and understand, the provisions of this Consent Judgment and Order.

H. Defendants stipulate that at all relevant times they were employers of their employees listed on Exhibit A within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

I. Defendants stipulate that at all relevant times they operated a convenience store and gas station Sacramento, California, and were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

///

///

## PERMANENT INJUNCTION

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all those in active concert or participation with Defendants or acting on their behalf or at their direction, are permanently enjoined and restrained from violating the FLSA, including as provided below:

1. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), take any action to deter employees from asserting their rights under the FLSA or interfere with any U.S. Department of Labor investigation. Defendants, their officers, agents, servants, and employees shall not in any way retaliate or take any adverse employment action or threaten or imply that adverse action will be taken against any employee as a result of that employee exercising or asserting their rights under the FLSA or providing information to any public agency investigating compliance with the FLSA;

2. Defendants shall not, contrary to Section 15(a)(3) and Section 11(a) of the FLSA, 29 U.S.C. §§ 215(a)(3) and 211(a), commit any of the following:

    a. terminate, threaten to terminate, retaliate, or discriminate against any employee in any way because such employee spoke or was perceived to have spoken with a representative of the U.S. Department of Labor, or otherwise cooperated or perceived to have cooperated with a U.S. Department of Labor investigation or litigation;

    b. threaten to contact or contact immigration authorities, indicate another person will or has contacted immigration authorities, or ask about any employee's immigration status because such employee spoke or was perceived to have spoken with a representative of the U.S. Department of Labor, or otherwise cooperated or perceived to have cooperated with a U.S. Department of Labor investigation or litigation;

  c. dissuade or prevent any of Defendants' employees from speaking to representatives of the U.S. Department of Labor, including by speaking to employees' family and friends to dissuade employees from speaking to the U.S. Department of Labor;

  d. instruct employees to provide false information to the U.S. Department of Labor regarding the terms and conditions of their employment;

  e. otherwise interfere with any future investigation by the U.S. Department of Labor.

3. Defendants shall not, contrary to Section 6 and Section 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), pay any of their employees, who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, less than the minimum wage for hours worked;

4. Defendants shall not, contrary to Section 7 and Section 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), pay any of their employees, who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, less than time and one half the employees' regular rate for hours worked in excess of 40 hours in a workweek;

5. Defendants shall make, keep, and preserve accurate and complete employment records as required by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations at 29 C.F.R. Part 516, and shall provide access to any of these records to the Acting Secretary upon request.

6. Defendants shall maintain its payroll practices or amend its payroll practices, if they are not already in effect, in compliance with the FLSA as follows:

  a. Defendants shall pay all employees the minimum wage and overtime premiums under the FLSA.

  b. Defendants shall accurately record the information required by 29

C.F.R. § 516.2 in payroll records, including (1) all hours worked by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during the workweek; (3) the total weekly straight-time earnings for the hours worked during the workweek; (4) the total premium pay for overtime hours, if any.

    c.    Defendants shall ensure that employees' paystubs show accurate hourly pay rates, all hours worked in the applicable workweek(s), any premium pay including overtime calculations, and all deductions.

    d.    Defendants shall maintain all time and payroll records for a period of not less than three years.

    e.    Defendants shall accurately record all wages paid to employees, regardless of the manner of payment, i.e. direct deposit, check, or cash, on their payroll records.

7.    Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages from any of the employees listed on the attached **Exhibit A**. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment. Violation of this Paragraph may subject Defendants to equitable and legal remedies, including punitive damages and civil contempt.

8.    Defendants, jointly and severally, shall not continue to withhold the payment of **$57,340.26** in minimum wage and overtime pay back wages hereby found to be due by the Defendants under the FLSA to employees, as a result of their employment by Defendants during the period of June 30, 2020 through June 15, 2023.

## JUDGMENT AND ORDER

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c) in favor of the Secretary and against Defendants, jointly and severally, in the total amount of **$136,835.52**, of which: **$57,340.26** is unpaid minimum and overtime wages, **$57,340.26** is liquidated damages, and **$17,500.00** is compensatory

damages, as well as civil money penalties of **$4,655.00** assessed pursuant to 29 U.S.C. § 216(e).

Pursuant to this Consent Judgment, **IT IS HEREBY ORDERED THAT:**

9. Defendants shall pay **$57,340.26** in unpaid minimum and overtime wages due under the FLSA and this Judgment to Defendants' employees who are identified in Exhibit A, which is incorporated in and made part of this Consent Judgment.

10. Defendants shall pay **$57,340.26** in liquidated damages due under the FLSA and this Judgment to the employees identified in Exhibit A.

11. Defendants shall pay **$17,500.00** in compensatory damages found due against Defendants for violations of FLSA Section 15(a)(3), 29 U.S.C. §215(a)(3), to the employees identified in Exhibit A.

12. The amount of **$4,655.00** in civil money penalties is assessed against Defendants and finally determined, pursuant to FLSA Section 16(e), 29 U.S.C. § 216(e). Defendants waive the right to a hearing with respect to this assessment of civil money penalties.

13. Within 60 days of the entry of this Consent Judgment, Defendants shall pay the total of **$57,340.26** in liquidated damages and **$17,500.00** in compensatory damages using the "WHD Back Wage Payment Form – Western Region" at https://www.pay.gov/public/form/start/77761888. The payment shall reference Case Number: "1980157."

14. Within 90 days of the entry of this Consent Judgment, Defendants shall pay the total of **$57,340.26** in minimum wage and overtime back wages using the "WHD Back Wage Payment Form – Western Region" at https://www.pay.gov/public/form/start/77761888. The payment shall reference Case Number: "1980157."

15. The Acting Secretary shall distribute the payments described in Paragraphs 13-14 to employees listed in **Exhibit A**, or if necessary, to the employees' estates. If any monies are not distributed to employees within three years from the date of receipt of

payment from Defendants because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States of America as miscellaneous receipts under 29 U.S.C. § 216(c).

16. Within 90 days of the entry of this Consent Judgment, Defendants shall pay to the U.S. Department of Labor **$4,655.00**, which is designated as a civil money assessment under 29 U.S.C. § 216(e) using the "WHD Civil Money Penalty Payment Form – Western Region" at https://www.pay.gov/public/form/start/77743734. The payment shall reference Case Number "1980157."

17. In the event of any default in the timely making of any payment due hereunder, a post-judgment interest at the rate of 10% per annum shall be due and payable upon the Acting Secretary's sending by ordinary mail a written demand to the last business address of Defendant then known to the Acting Secretary with electronic copies concurrently e-served on Defendants and, if applicable, their counsel.

**IT IS FURTHER ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act, as or be asserted as, a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named in the attached Exhibit A, nor any employee named in the attached Exhibit A for the periods not stated therein.

**IT IS FURTHER ORDERED** that each Party shall bear their own fees and other expenses, including court costs, incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

///
///
///
///
///

1  **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Dated this 15th day of March, 2024.

                                         /s/ Daniel J. Calabretta
                                         THE HONORABLE DANIEL J. CALABRETTA
                                         UNITED STATES DISTRICT JUDGE

1  *For the Plaintiff*

3  SEEMA NANDA
Solicitor of Labor
4  MARC A. PILOTIN
Regional Solicitor
5  KATHERINE E. CAMERON
6  Associate Regional Solicitor

8   /s/ Jennifer L. Sta.Ana     Date: March 12, 2024
JENNIFER L. STA.ANA
9  Trial Attorney
10  *Attorneys for the Acting Secretary of Labor*

13  *For the Defendants:*

Date: 3/7/2024

FAST TRIP SACRAMENTO, INC.
dba FAST TRIP FOOD STORE
*Corporate Defendant*

By: AMRIK SINGH
[Name/Title] PRESIDENT

AMRIK SINGH     Date: 3-7-2024
*Individual Defendant*

BC

1
2
3  *SATNAM "SUNNY" SINGH AULAKH*           Date: [signature]
4  *Individual Defendant*
5
6
7  *Approved as to Form:*
8
9
10  *Brian Crone*                            Date:  March 8, 2024
11  BRIAN CRONE
    *Attorneys for Defendants Fast Trip*
12  *Sacramento, Inc., Amrik Singh, and*
13  *Satnam "Sunny" Singh Aulakh*
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT A**

| LAST NAME | FIRST NAME | PERIOD START | PERIOD END | BACK WAGES | LIQUIDATED DAMAGES | COMPEN-SATORY DAMAGES | TOTAL |
|---|---|---|---|---|---|---|---|
| Ali | Hafeez | 10/31/2021 | 07/31/2022 | $ 3,533.00 | $ 3,533.00 | $ 2,500.00 | **$9,566.00** |
| Asghar | Iqra | 06/30/2020 | 01/02/2021 | $ 4,225.00 | $ 4,225.00 | $ 2,500.00 | **$10,950.00** |
| Khinda | Ramandeep Singh | 04/30/2022 | 06/15/2023 | $ 22,223.00 | $ 22,223.00 | $ 2,500.00 | **$46,946.00** |
| Singh | Harban | 12/31/2022 | 06/15/2023 | $ 9,523.63 | $ 9,523.63 | $ 2,500.00 | **$21,547.26** |
| Singh | Joga | 08/15/2020 | 06/15/2023 | $ 2,129.13 | $ 2,129.13 | $ 2,500.00 | **$6,758.26** |
| Singh | Paramvir | 06/15/2023 | 06/15/2023 | $ 391.50 | $ 391.50 | $ 2,500.00 | **$3,283.00** |
| Singh | Karanjit | 06/30/2020 | 10/31/2021 | $15,315.00 | $15,315.00 | $ 2,500.00 | **$33,130.00** |
| **TOTAL** | | | | **$ 57,340.26** | **$ 57,340.26** | **$ 17,500.00** | **$132,180.52** |